IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYLE MOODY,

      Plaintiff,

vs.                                                 No. 1:15-cv-00529 RB/WPL

PRINCETON PLACE REHABILITATION
AND NURSING FACILITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13). Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions of counsel and relevant law, the Court **GRANTS** this motion.

**I.  Background**

Plaintiff is a resident of Albuquerque, New Mexico. (Compl. ¶ 2.) Defendant is a privately owned and operated nursing home facility in Albuquerque. (Doc. 20 at 3.) The events that gave rise to this lawsuit occurred while Plaintiff was visiting his friend and resident of the facility, Mr. Ibn Abu Nassir. (Compl. ¶¶ 6–7.) Mr. Nassir is unable to talk or respond to any questions. (*Id.*) During his visits, Plaintiff became concerned about Mr. Nassir's living conditions. (*Id.*) On April 16, 2015, after Plaintiff noticed the trash receptacles in Mr. Nassir's room and bathroom were overflowing, Plaintiff requested a complaint form from the front desk and asked to speak to a supervisor. (Compl. ¶ 7.)

As Plaintiff was filling out the complaint form, Gilbert Cilley, the supervisor, emerged from an office and asked Plaintiff in a loud voice, "What do you want?" (Compl. ¶ 10.) After Plaintiff reported his complaint to Mr. Cilley, he asked Mr. Cilley to write down Mr. Cilley's name. (*Id.*) Mr. Cilley wrote his name on the complaint form. (*Id.*) Plaintiff asked for a separate piece of paper to write Mr. Cilley's name. (*Id.*) Mr. Cilley became upset and asked Plaintiff to copy Mr. Cilley's name from the name tag pinned around Mr. Cilley's waist. (*Id.*) As Plaintiff bent over to see the name tag, Mr. Cilley asked Plaintiff to state his relationship to Mr. Nassir. (*Id.*) At this point, "Mr. Cilley's temper suddenly became ill-disposed with the Plaintiff and becoming [sic] increasingly dominate [sic] and most authoritarian when he (Mr. Cilley) told the Plaintiff to 'get out of here!'" (*Id.*)

According to Plaintiff, "these actions by Mr. Cilley was [sic] some of the most trenchant behavioral procedures one can find in respect to a visitor's dignity, compassion, and respect as an individual." (Compl. ¶ 12.) Plaintiff alleges that Defendant violated his due process and equal protection rights because Mr. Cilley "never g[ave] [him] a time of when and if [he] could return and visit his friend . . . of over thirty years" and did not allow "him the privilege of finishing this visit with his friend . . . on the same night of this incident." (Compl. ¶¶ 15, 21.) Plaintiff alleges that Mr. Cilley inflicted "cruel and unusual treatment." (*Id.*) Plaintiff alleges that Defendant violated his First Amendment rights "by [Mr. Cilley] telling [him] to 'get out' of the . . . building, thereby compelling [him] to leave the building under duress and humiliation after [he] attempted to file a grievance against the living conditions within the patient's . . . room." (Compl. ¶ 21.)

On May 22, 2015, Plaintiff filed suit in the Second Judicial District Court of the State of New Mexico. (Doc. 1–2.) Defendant removed the case to this Court on June 22, 2015. (Doc.

1.)  Plaintiff's Complaint for Damages contains three "Claims for Damages against Defendant Hastings Entertainment # 9620" [sic].[1]  (Doc. 1–2.)  Count I, is entitled "Tort of Conversion." (*Id.*)  Therein, Plaintiff alleges that the actions of Mr. Cilley violated Plaintiff's due process and equal protection rights guaranteed by the state and United States Constitution and "therefore was cruel and unusual treatment by the Defendant and against Plaintiff's state and federal constitutional rights."  (Compl. ¶¶ 13–16.)  In Count II, Plaintiff alleges prima facie tort and that Defendant harmed Plaintiff by "acting unlawfully without due process and equal protection . . . which resulted in humiliation and loss of dignity to the Plaintiff . . . without sufficient justification . . . ."  (Compl. ¶¶ 17–19.)  In Count III, Plaintiff alleges that Defendant "acted in negligence" and he is entitled to punitive damages because "Mr. Gilbert Cilley . . . did abridge and fluff the Plaintiff's First Amendment right, by telling Plaintiff to 'get out' . . . thereby compelling the Plaintiff to leave the building under duress and humiliation."  (Compl. ¶¶ 20–22.) As a result of Mr. Cilley's actions, Plaintiff claims to have been damaged "in excess of five hundred thousand dollars ($500,000)."  (Compl. ¶¶ 16, 19, 20–23.)  Plaintiff also claims that punitive damages are appropriate in light of Mr. Cilley's actions. (Compl. ¶ 22.)

Defendant moves to dismiss for failure to state a claim.  (Doc. 13.)  Plaintiff filed responses to the motion, but did not specifically address or refute any of Defendant's arguments. (Docs. 16, 21.)

## II.  Legal Standards

Rule 12(b)(6) provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level."  *Bell*

---

[1] In that the Complaint alleges no facts connected to Hastings Entertainment, it appears that Plaintiff used a complaint from another case.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

     Plaintiff appears pro se.  The Court, therefore, reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notably, pro se status does not entitle a plaintiff to an application of different rules of civil procedure.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).  The Court may not assume that a pro se plaintiff applicant can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983).  It is well-established that the Court may not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

**III.     Discussion**

    **A.     Plaintiff fails to state a claim for conversion**

Plaintiff entitled Count I "Tort of Conversion" but alleged no facts that would constitute conversion.  (Compl.)  Conversion is "the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made."  *See In re Yalkut*, 176 P.3d 1119, 1126 (N.M. 2008); *Muncey v. Eyeglass World, LLC*, 289 P.3d 1255, 1262 (N.M. Ct. App. 2012).  Plaintiff does not allege that Defendant exercised dominion and control over his personal property or used his property in any way.  In that Plaintiff has failed to plead any facts that would support any element of a conversion claim, he has failed to state a plausible claim for conversion.

    **B.     Plaintiff fails to state a claim for denial of constitutional rights**

Plaintiff alleges that Mr. Cilley's actions violated Plaintiff's due process and equal protection rights guaranteed under the United States Constitution and the New Mexico Constitution and "therefore was cruel and unusual treatment by the Defendant and against Plaintiff's state and federal constitutional rights."  (Compl. ¶¶ 13–16; 17–19.)  Plaintiff alleges he is entitled to punitive damages because "Mr. Gilbert Cilley . . . did abridge and fluff the Plaintiff's First Amendment right, by telling Plaintiff to 'get out' . . . thereby compelling the Plaintiff to leave the building under duress and humiliation."  (Compl. ¶¶ 20–22.)

In general "rights secured by the Constitution are protected only against infringement by governments."  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).  The alleged

constitutional deprivation "must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible." *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002). In order to be held liable under 42 U.S.C. § 1983 for a violation of the United States Constitution, a defendant must be a state actor. *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013). Similarly, "there must be sufficient state action to trigger the New Mexico Constitution." *State v. Cardenas-Alvarez*, 25 P.3d 225, 243 (N.M. 2001). Plaintiff does not allege that Defendant is a state actor nor do the allegations in the Complaint support such a finding. *See Wittner*, 720 F.3d at 780–81 (finding that private healthcare services provider and private physicians were not state actors and could not be held liable for constitutional claims). Thus, Plaintiff has failed to state a claim for violation of his rights under the federal and state constitutions.

Additionally, Plaintiff has failed to allege facts that would state a plausible claim for any of the constitutional rights that he references in his Complaint. In order to state a claim for a due process violation, a plaintiff must allege that the defendant deprived him of a constitutionally protected life, liberty, or property interest. *See Elliott v. Martinez*, 675 F.3d 1241, 1242 (10th Cir. 2012).; *Madrid v. St. Joseph Hosp.*, 928 P.2d 250, 252 (N.M. 1996). In order to state an equal protection claim, a plaintiff must allege facts showing disparate treatment. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1217 (10th Cir. 2011); *Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011). As the Eighth Amendment's prohibition against cruel and unusual punishment applies to conditions of incarceration, a plaintiff must allege facts showing he was incarcerated at the time of the alleged deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a First Amendment claim, a plaintiff must allege that he engaged in constitutionally protected activity. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Liberally construed, the Complaint includes no facts that would support a plausible claim for violation of the constitutional rights mentioned in the Complaint.  Accordingly, the Complaint does not state a plausible constitutional claim.

### C.     Plaintiff fails to state a claim for prima facie tort

Plaintiff alleges a claim for prima facie tort.  The New Mexico Supreme Court officially recognized a cause of action for prima facie tort in *Schmitz v. Smentowski*, 785 P.2d 726, 734 (1990).  Therein, the New Mexico Supreme Court held that prima facie tort occurs when a lawful act is conducted with an intent to injure and without sufficient economic or social justification, resulting in injury.  *See id.* at 730.  The generally recognized elements of prima facie tort, adopted by the New Mexico Supreme Court in *Schmitz*, are: (1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act.  *Id.* at 734.  Plaintiff alleges that Defendant harmed Plaintiff by "acting unlawfully without due process and equal protection . . . which resulted in humiliation and loss of dignity to the Plaintiff . . . without sufficient justification . . . ."  (Compl. ¶¶ 17–19.)  Plaintiff does not allege that Defendant committed a lawful act with intent to injure that caused any specific injury.  Liberally construed, the Complaint includes insufficient factual allegation to state a plausible claim for prima facie tort.

### D.     Plaintiff fails to state a claim for negligence

In Count III, Plaintiff alleges that Defendant "acted in negligence" and he is entitled to punitive damages because Mr. Gilbert Cilley told Plaintiff "get out" and caused "Plaintiff to leave the building under duress and humiliation."  (Compl. ¶¶ 20–22.)  A negligence claim requires proof of duty, breach, proximate causation, and damages.  *Lopez v. Maez*, 651 P.2d 1269, 1274 (N.M. 1982) (listing the elements necessary to prove an action in negligence).

Plaintiff alleges no facts that would state a plausible claim that Defendant owed Plaintiff a duty or the Defendant breached such duty. There are no factual allegations that would state a plausible claim that any such breach was the proximate cause of any monetary damages to Plaintiff. Liberally construed, the Complaint contains no facts that would state a plausible claim for negligence. Accordingly, Plaintiff has failed to state a claim for negligence.

### E. Plaintiff's request for punitive damages is not a separate cause of action

Count III is entitled "Punitive Damages." (Compl.) As a result of Mr. Cilley's actions, Plaintiff claims to have been damaged "in excess of five hundred thousand dollars ($500,000)." (Compl. ¶¶ 16, 19, 20–23.) Plaintiff also claims that punitive damages are appropriate in light of Mr. Cilley's alleged actions. (Compl. ¶ 22.) Punitive damages are a remedy rather than a cause of action. A request for punitive damages "is not a separate cause of action that should be set out separately in the Complaint" *See Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1145 (D. N.M. 2011). In that Plaintiff has failed to state an actionable claim in his Complaint, he is not entitled to damages. Accordingly, Count III fails to state an actionable claim.

### IV. Conclusion

The Complaint fails to state a plausible claim.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**